IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

BRYAN GAUS and DANIELLE GAUS,
his wife,

    Plaintiffs,

v.                                    Civil Action No. 5:17CV177
                                                 (STAMP)
LUMBER LIQUIDATORS, INC. and
LUMBER LIQUIDATORS HOLDINGS, INC.,

    Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANTS' MOTION TO STAY,
DEFERRING PLAINTIFFS' MOTION TO REMAND,
AND DEFERRING DEFENDANTS' MOTION TO DISMISS**

This civil action arises out of plaintiffs' purchase of allegedly defective flooring from Lumber Liquidators for their home. In this civil action, plaintiffs assert claims for breach of express warranty, negligence, fraud, misrepresentation, and violations of the West Virginia Consumer Credit and Protection Act ("WVCCPA").[1]

Now before the Court are three fully briefed motions: (1) defendants' motion to dismiss (ECF No. 4); (2) defendants' motion to stay (ECF No. 7); and (3) plaintiffs' motion to remand.

For the reasons set forth below, this Court grants defendants' motion to stay (ECF No. 7), defers defendants' motion to dismiss (ECF No. 4), and defers plaintiffs' motion to remand (ECF No. 11).

---

[1] West Virginia Code Sections 46A-1-101, et seq.

Plaintiffs filed their complaint[2] in the Circuit Court of Ohio County, West Virginia, and this case was removed to this Court pursuant to 28 U.S.C. § 1332. ECF No. 1.

Defendants Lumber Liquidators, Inc. and Lumber Liquidators Holdings, Inc. (collectively, "Lumber Liquidators") then filed a motion to dismiss for failure to state a claim. ECF No. 4.

Defendants also filed a motion to stay all proceedings in the action filed by plaintiffs Bryan Gaus and Danielle Gaus (collectively, "plaintiffs"), pending the Judicial Panel on Multidistrict Litigation's ("JPML") resolution of Plaintiffs' Opposition to Conditional Transfer Order ("CTO") 40 transferring this case to MDL 2627: <u>In re: Lumber Liquidators Chinese-Manufactured Flooring Products Marketing, Sales Practices and Products Liability Litigation</u>. ECF No. 7.

Plaintiffs, pursuant to 28 U.S.C. §1446, filed a motion to remand[3] (ECF No. 11) this case to the Circuit Court of Ohio County, West Virginia asserting that defendants have "failed to satisfy their burden of proving the $75,000 amount-in-controversy requirement." ECF No. 11 at 1.

---

[2]Circuit Court of Ohio County, West Virginia Civil Action No. 17-C-306, referred to by defendants in the notice of removal as plaintiffs' "Second Complaint" (ECF No. 1 at 4).

[3]This Court notes that plaintiffs have mistakenly indicated, on the face of the motion to remand "(Bailey)." ECF No. 11 at 1.

This civil action is subject to a Conditional Transfer Order (CTO-40, Document No. 579) as entered by the United States Judicial Panel on Multidistrict Litigation on December 11, 2017.

By way of background, the plaintiffs Bryan Gaus and Danielle Gaus, previously filed suit in the Circuit Court of Ohio County, West Virginia, on February 28, 2017, against the defendants. That civil action[4] was removed to the United States District Court for the Northern District of West Virginia pursuant to 28 U.S.C. § 1332 before United States District Judge John Preston Bailey.[5] Defendants sought transfer of the action to the United States Court for the Eastern District of Virginia for inclusion in MDL No. 2627, pointing out that the factual allegations of the first complaint shared extensive common questions of fact with the cases already pending in the MDL, and moved to stay the action pending in the Northern District of West Virginia until the Judicial Panel on Multidistrict Litigation ("JPML") ruled upon the transfer of the action to the MDL.

Judge Bailey entered an order granting defendants' motion to stay[6] pending the Judicial Panel on Multidistrict Litigation's resolution of plaintiffs' opposition to conditional transfer order

---

[4]Circuit Court of Ohio County, West Virginia Civil Action No. 17-C-71, referred to by defendants in the notice of removal as plaintiffs' "First Complaint" (ECF No. 1 at 4).

[5]ECF No. 1 in Civil Action No. 5:17CV40 (Bailey).

[6]ECF No. 14 in Civil Action No. 5:17CV40 (Bailey).

29 transferring the case to MDL 2627: In re: Lumber Liquidators Chinese-Manufactured Flooring Products Marketing, Sales Practices and Products Liability Litigation. Judge Bailey noted in the order that plaintiffs' motion to remand was also pending before the Court, and deferred ruling on the motion to remand pending action from the MDL Panel.[7]

On August 2, 2017, the first action was transferred to the United States Court for the Eastern District of Virginia for inclusion in the MDL assigned to Judge Anthony John Trenga. The JPML denied plaintiffs' objections to transfer, finding that the action had extensive factual overlap with the approximately 125 cases pending in the MDL, and transferred the case to the MDL over plaintiffs' objections.

Here, as a threshold matter, while plaintiffs' arguments may be different, this Court finds that this instant action involves the same plaintiffs[8], the same defendants, and arises out of the same operative facts as the first action brought by plaintiffs which was previously pending before Judge Bailey in the Northern District of West Virginia and then transferred to the MDL in the Eastern District of Virginia. This Court agrees with Judge Bailey's analysis and finds that the same reasoning is applicable

---

[7]See Id. at 1, n.1.

[8]Plaintiffs, in this action, have not included their minor children in the caption as plaintiffs.

here.  This Court is also fully of the opinion, like Judge Bailey, that staying this case pending the MDL Panel's decision on the conditional transfer order will serve the interests of judicial economy and efficiency as well as avoid the needless duplication of work and the possibility of inconsistent rulings.

Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation Rule 2.1(d) states:

> <u>Pendency of Motion or Conditional Order</u>.  The pendency of a motion, order to show cause, conditional transfer order or conditional remand order before the Panel pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and pretrial proceedings in any pending federal district court action and does not limit the pretrial jurisdiction of that court.  An order to transfer or remand pursuant to 28 U.S.C. § 1407 shall be effective only upon its filing with the clerk of the transferee district court. JPML Rule 2.1(d).

While this Court finds that this rule does not limit the pretrial jurisdiction of this Court to rule on the plaintiffs' pending motion to remand, this Court finds that the policies of efficiency and consistency in pretrial rulings are furthered by a stay of this civil action pending the MDL panel's decision, and that the transferee judge will have the power to determine the question of remand if transferred.

For good cause shown, the defendants' motion to stay (ECF No. 7) this civil action pending the decision of the Judicial Panel on Multidistrict Litigation as to the Conditional Transfer Order (CTO-40, Document No. 579) is GRANTED.  Accordingly, it is ORDERED that this civil action is STAYED pending the Judicial Panel on

Multidistrict Litigation's ("JPML") resolution of Plaintiffs' Opposition to Conditional Transfer Order ("CTO") 40 transferring this case to MDL 2627.  Further, defendants' motion to dismiss for failure to state a claim (ECF No. 4) is DEFERRED and plaintiffs' motion to remand (ECF No. 11) is DEFERRED, pending action from the MDL panel.

The Clerk is directed to transmit a copy of this order to all counsel of record herein.

DATED: January 29, 2018

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE